# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER D. ENNES, et al., | Case No.: 1:13-cv-00029-AWI-SKO |
| Plaintiffs, | |
| v. | **ORDER TO TRANSFER CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA** |
| US BANK NA, et al., | |
| Defendants. | |

Plaintiffs Roger D. Ennes and Karen Ennes ("Plaintiffs"), appearing *pro se*, filed a Notice of Removal seeking to remove a case from the from the Superior Court for the County of San Joaquin - Stockton Branch that concerns real property located at 10399 Capewood Lane, Stockton, California 95212, in San Joaquin County. (*See* Doc. 1, p. 8, ¶ 2; p. 55, ¶ 1.)[1]

Title 28 U.S.C. Section 1441 pertains to the removal of civil actions and states in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending" 28 U.S.C. 1441(a). Here, the claims in the removed arise out of transactions concerning real property located in San Joaquin County, California. Pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 120(d), "[a]ll civil and criminal actions and

---

[1] Plaintiffs appear to be the defendants in the underlying state court action (*see* Doc. 1, pp. 55-63), although they captioned the removal notice as if they were the plaintiffs (*see* Doc. 1, p. 1).

proceedings of every nature and kind cognizable" arising in San Joaquin County "shall be commenced in the United States District Court sitting in Sacramento, California." Thus, this action should have been removed to the Sacramento Division of the United States District Court, Eastern District of California, not the Fresno Division.

Local Rule 120(f) provides that a civil action that has not been commenced in the proper division of the Court may, on the Court's own motion, be transferred to the proper division of the Court. Therefore, this action will be transferred to the Sacramento Division of the Court.

The Court notes that this action appears to be related to Plaintiffs' complaint filed in case no. 1:13-cv-00013-AWI-SKO, which concerns claims regarding the same real property at issue here. (*See* case no. 1:13-cv-00013-AWI-SKO, Doc. 1, ¶ 2.) As such, by separate order, that case will also be transferred to the Sacramento Division. (*See* case no. 1:13-cv-00013-AWI-SKO, Doc. 2.)

Accordingly, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento;

2. The Clerk of the Court shall assign a new case number; and

3. All future filings shall bear the new case number and shall be filed at:

United States District Court
Eastern District of California
501 I Street
Sacramento, California, 95814

IT IS SO ORDERED.

**Dated:   January 15, 2013**          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

2