IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROGER D. ENNES, et al.,

    Plaintiffs,     Case No. 2:13-cv-0086 WBS DAD PS

    vs.

US BANK NA, et al.,     FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    By Notice of Removal filed January 7, 2013, this unlawful detainer action was removed from the San Joaquin County Superior Court by plaintiffs Roger Ennes and Karen Ennes who are proceeding pro se.[1]  On January 16, 2013, the Magistrate Judge previously assigned to the case ordered that this matter be transferred from the Fresno Division of this District to the Sacramento Division. (Doc. No. 2.) Because Roger Ennes and Karen Ennes are proceeding pro se, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21).

/////

---

[1] Although identified in the notice of removal filed by Roger Ennes and Karen Ennes as the plaintiffs, Roger Ennes and Karen Ennes are in fact the defendants in the state court action which they are improperly attempting to remove to remove to federal court. (Doc. No. 1 at 55.)

1

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)). See also Provincial Gov't of Martinduque, 582 F.3d at 1087. Moreover, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

In removing this action, Roger Ennes and Karen Ennes allege that in "the instant Federal Case, the amount in controversy exceeds the sum of $75,000," that there is diversity of citizenship and thus jurisdiction is proper pursuant to 28 U.S.C. § 1332(a). (Notice of Removal (Doc. No. 1) at 2.) In this regard, attached to the Notice of Removal as "Exhibit A" is a "complaint" naming Roger Ennes and Karen Ennes as plaintiffs and allegedly implicating their mortgage loan of $580,000. (Id. at 3, 7.)

It is evident, however, from a reading of the complaint filed in the underlying state court action that the matter Roger Ennes and Karen Ennes are attempting to remove is nothing more than a garden-variety unlawful detainer action filed against the former owners of real property located in California, that it is based wholly on California law and that explicitly does not involve an amount in controversy that exceeds $10,000. (Id. at 55.) As such, the amount in
/////

controversy with respect to the matter being removed does not meet the jurisdiction threshold of $75,000 for diversity jurisdiction.

Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the San Joaquin County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 4, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\ennes0086.ud.f&rs

3