```
                  IN THE UNITED STATES DISTRICT COURT

               FOR THE EASTERN DISTRICT OF CALIFORNIA


ROGER D. ENNES, an individual;      )
and KAREN ENNES, an individual,     )   2:13-cv-00082-GEB-JFM
                                    )
              Plaintiffs,           )
                                    )   ORDER RELATING CASES AND
         v.                         )   REMANDING REASSIGNED CASE
                                    )
US BANK NA, doing business as       )
"US Bank National Association As    )
Trustee By Residential Funding      )
Company, LLC Formally Known as      )
Residential Funding Corporation     )
Attorney In Fact," a business       )
entity, form unknown; AMERICA's     )
SERVICING COMPANY, a business       )
entity, form unknown; MORTGAGE      )
ELECTRONIC REGISTRATION SYSTEMS,    )
INC., a corporation; QUALITY        )
LOAN SERVICE CORPORATION, a         )
corporation; and DOES 1 through     )
50, inclusive,                      )
                                    )
              Defendants.           )
_____)
U.S. BANK NATIONAL ASSOCIATION,     )
AS TRUSTEE FOR RASC 2005-EMX5,      )   2:13-cv-00086-WBS-DAD
                                    )
              Plaintiff,            )
                                    )
         v.                         )
                                    )
ROGER D ENNES, KAREN ENNES, and     )
DOES 1 through X, inclusive         )
                                    )
              Defendants.           )
_____)
```

1

1         On February 8, 2013, Roger Ennes and Karen Ennes (the
2 "Enneses") filed a motion to relate and consolidate the above-captioned
3 cases, in which they state, *inter alia*:

> The [above-captioned cases] both involve substantially the same parties and are based on similar claims. PLAINTIFFS in [Case No. 2:13-cv-00082] are also named Defendants in the State Case that was removed into [Case No. 2:13-cv-00086]. US BANK is a named Defendant in [Case No. 2:13-cv-00082], as well as Plaintiff in [Case No. 2:13-cv-00086] . . . . In addition[,] the claims in the[se two cases] are substantially similar and involve the same property, as they all arise from claims of rightful possession of, and title to, the [real property commonly known as 10399 Capewood Lane, Stockton, California 95212].
>
> Furthermore, an order from this Court that the [above-captioned cases] are related pursuant to L.R. 123(a) is likely to effect a substantial savings of judicial effort and avoid an unnecessary duplication of labor.

14 (Pls.' Mot. 5:5-19, ECF No. 10 in Case No. 2:13-cv-00082.)

15         Examination of the above-captioned cases reveals that they are
16 related within the meaning of Local Rule 123. Under the regular practice
17 of this Court, related cases are generally assigned to the judge and
18 magistrate judge to whom the first-filed action was assigned.
19 Therefore, Case No. 2:13-cv-00086 is reassigned to Judge Garland E.
20 Burrell, Jr., and Magistrate Judge John F. Moulds; any date currently
21 set in the reassigned case is VACATED. The Clerk of the Court shall make
22 appropriate adjustment in the assignment of civil cases to compensate
23 for this reassignment.

24         Further, review of the reassigned case (Case No. 2:13-cv-
25 00086) indicates that it should be remanded *sua sponte*. The reassigned
26 case is an unlawful detainer action removed by the Enneses from the
27 Superior Court of California, County of San Joaquin. (Notice of Removal
28

1  ("NOR") 2:1-5:3, ECF No. 1 in Case No. 2:13-cv-00086.)[1] No federal claims are alleged in the Complaint; the Enneses predicate removal solely on diversity jurisdiction. (Id.)

"There is a strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The court may - indeed must - remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." GFD, LLC v. Carter, No. CV 12-08985 MMM (FFMx), 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003)).

The Enneses state in their Notice of Removal that they "are citizens of the State of California." (NOR 3:26.) "[A]s citizens of the forum state, [the Enneses] cannot remove the action. The removal statute unambiguously precludes removal jurisdiction on the basis of diversity where, as here, any defendant is a citizen of the State in which the action was brought." Louden, LLC v. Martin, No. C 12-5972 SBA, 2012 WL 6020059, at *1 (N.D. Cal. Dec. 3, 2012) (citing 28 U.S.C. § 1441(b)(2)).

///
///
///

---

[1] Although Roger Ennes and Karen Ennes identify themselves as Plaintiffs in the Notice of Removal, they are Defendants in the unlawful detainer action. The caption in Case No. 2:13-cv-00086 has been amended according to the caption utilized in the underlying state court action.

1  For the stated reasons, Case No. 2:12-cv-00086 is remanded to
2  the Superior Court of California, County of San Joaquin, from which it
3  was removed for lack of subject matter jurisdiction.

Dated:  March 6, 2013

                    _____
                    GARLAND E. BURRELL, JR.
                    Senior United States District Judge